UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

BRITTNEY ELLIS
11335 West Carmen Avenue
Milwaukee, Wisconsin 53225

    Plaintiff,

    v.

PRON-TOW TOWING
20711 Watertown Road, Suite E
Waukesha, Wisconsin 53186

    and

JEFFREY ZINGG
20711 Watertown Road, Suite E
Waukesha, Wisconsin 53186

    Defendants

Case No.: 20-cv-37

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Brittney Ellis, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws

("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside and/or operate their business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

**PARTIES AND COVERAGE**

4. Plaintiff, Brittney Ellis, is an adult female resident of the State of Wisconsin with a post office address of 11335 West Carmen Avenue, Milwaukee, Wisconsin 53225.

5. Defendant, Pron-Tow Towing, was, at all material times herein, a commercial entity doing business in the State of Wisconsin with a principal address of 20711 Watertown Road, Suite E, Waukesha, Wisconsin 53186.

6. Defendant Pron-Tow Towing is a tow truck company.

7. Defendant, Jeffrey Zingg, was, at all material times herein, an individual resident of the State of Wisconsin with a principal business address of 20711 Watertown Road, Suite E, Waukesha, Wisconsin 53186.

8. Defendant Zingg owns, operates, and manages Defendant Pron-Tow Towing.

9. During the relevant time periods as stated herein, Defendant Pron-Tow Towing was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

10. During the relevant time periods as stated herein, Defendant Pron-Tow Towing employed more than two (2) employees.

11. During the relevant time periods as stated herein, Defendant Pron-Tow Towing's annual dollar volume of sales or business exceeded $500,000.

12. During the relevant time periods as stated herein, Defendants were an "employer" as that term is defined under the FLSA and the WWPCL.

13. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendants, as these terms are defined under the FLSA and the WWPCL.

14. During the relevant time periods as stated herein, Defendant Zingg was an "employer" as that term is defined under the FLSA and/or the WWPCL.

15. During Plaintiff's employment with Defendants, Defendant Zingg supervised Plaintiff's day-to-day activities.

16. During Plaintiff's employment with Defendants, Defendant Zingg had the ability and authority to (and actually did), hire, terminate, promote, demote, and/or suspend Plaintiff.

17. During Plaintiff's employment with Defendants, Defendant Zingg had the ability and authority to (and actually did), review Plaintiff's work performance.

18. During Plaintiff's employment with Defendants, Defendant Zingg established the work rules, policies, and procedures by which Plaintiff abided while performing compensable work for Defendants, on behalf of Defendants, and/or at Defendants' direction.

19. During Plaintiff's employment with Defendants, Defendant Zingg controlled the terms and conditions of Plaintiff's employment.

20. During Plaintiff's employment with Defendants, Defendant Zingg established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

21. During Plaintiff's employment with Defendants, Defendant Zingg tracked and/or recorded Plaintiff's hours of work.

22. During Plaintiff's employment with Defendants, Defendant Zingg established Plaintiff's compensation methods, rates, and structure.

23. During Plaintiff's employment with Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

24. In approximately January 2018, Defendant Zingg hired Plaintiff into the position of Office Manager at Defendants.

25. During Plaintiff's employment with Defendants and in addition to performing the job duties and responsibilities of her Office Manager position, Plaintiff also performed the job duties of a Tow Truck Driver and a Trainer.

26. During the entirety of Plaintiff's employment with Defendants, Plaintiff reported directly to Defendant Zingg, the owner, operator, and manager of Defendant Pron-Tow Towing.

27. During the entirety of Plaintiff's employment with Defendants, Defendants compensated Plaintiff on an hourly basis and/or with an hourly rate of pay for any and all compensable work performed on their behalf, with their knowledge, at their direction, and/or for their benefit.

28. During Plaintiff's employment with Defendants, Defendants compensated Plaintiff on a bi-monthly basis via check for any and all compensable work performed.

29. During Plaintiff's employment with Defendants, Plaintiff often worked in excess of forty (40) hours per workweek.

30. On or about May 17, 2019 was Plaintiff's last day of actual work for Defendants.

31. During the entirety of Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee under the FLSA and WWPCL.

32. Upon information and belief and during Plaintiff's employment with Defendants, Defendants did not have an established workweek for FLSA and/or WWPCL purposes.

33. During the entirety of Plaintiff's employment with Defendants and despite Plaintiff frequently working in excess of forty (40) hours per workweek, Defendants did not compensate Plaintiff with overtime pay of time-and-one-half of Plaintiff's regular rate of pay for any and all hours worked in excess of forty (40) hours in a workweek.

34. During Plaintiff's employment with Defendants and during the workweeks that comprised approximately May 1, 2019 to May 15, 2019, Defendants did not compensate Plaintiff for any hours worked or work performed.

35. During Plaintiff's employment with Defendants and during the workweeks that comprised approximately May 1, 2019 to May 15, 2019, Defendants suffered or permitted Plaintiff to work without compensating Plaintiff for any hours worked or work performed.

36. During Plaintiff's employment with Defendants and during the workweeks that comprised approximately May 1, 2019 to May 15, 2019, Defendants suffered or permitted Plaintiff to work without compensating Plaintiff with an effective hourly rate of at least $7.25 per hour for any and all hours worked or work performed.

37. During Plaintiff's employment with Defendants and during the workweeks that comprised approximately May 1, 2019 to May 15, 2019, Defendants suffered or permitted Plaintiff to work without compensating Plaintiff with her agreed-upon and regularly hourly rate of pay of $18.00 for any and all hours worked or work performed.

38. During Plaintiff's employment with Defendants and during the workweeks that comprised approximately May 1, 2019 to May 15, 2019, Defendants suffered or permitted Plaintiff to work without compensating Plaintiff with earned compensation totaling approximately $840.39.

39. During Plaintiff's employment with Defendants and during the workweeks that comprised approximately May 16, 2019 to May 31, 2019, Defendants did not compensate Plaintiff for any hours worked or work performed.

40. During Plaintiff's employment with Defendants and during the workweeks that comprised approximately May 16, 2019 to May 31, 2019, Defendants suffered or permitted Plaintiff to work without compensating Plaintiff for any hours worked or work performed.

41. During Plaintiff's employment with Defendants and during the workweeks that comprised approximately May 16, 2019 to May 31, 2019, Defendants suffered or permitted Plaintiff to work without compensating Plaintiff with an effective hourly rate of at least $7.25 per hour for any and all hours worked or work performed.

42. During Plaintiff's employment with Defendants and during the workweeks that comprised approximately May 16, 2019 to May 31, 2019, Defendants suffered or permitted Plaintiff to work without compensating Plaintiff with her agreed-upon and regularly hourly rate of pay of $18.00 for any and all hours worked or work performed.

43. During Plaintiff's employment with Defendants, Defendants suffered or permitted Plaintiff to work without appropriately and lawfully compensating her for all hours worked each workweek, including but not limited to at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek and for any and all hours worked from approximately May 1, 2019 to May 31, 2019.

44. Defendants knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendants suffered or permitted her to work) in a workweek in accordance with the FLSA and WWPCL.

45. Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which they were aware and/or of which they should have been aware.

46. Defendants owe Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendants for which Plaintiff was not properly and lawfully compensated, in a total amount that remains to be determined, including at an overtime rate of pay, plus an equal amount for liquidated damages.

## FIRST CAUSES OF ACTION – FLSA VIOLATIONS
## (MINIMUM WAGE AND OVERTIME)

47. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

48. Section 206(a)(1) of the FLSA regulates, among other things, the payment of a minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

49. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

50. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

51. Defendants intentionally violated the FLSA by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for all hours worked during the workweeks from approximately May 1, 2019 to May 31, 2019 during her employment with Defendants.

52. Plaintiff was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek during her employment with Defendants, but Defendants intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

53. Defendants' failure to properly and legally compensate Plaintiff for all compensable work performed at a minimum rate of pay and/or at an overtime rate of pay during workweeks when she worked more than forty (40) hours during her employment with Defendants was willfully perpetrated. Defendants have neither acted in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum and overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay minimum and overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

54. As a result of the aforesaid willful violations of the FLSA's provisions, minimum wages and overtime compensation has been unlawfully withheld from Plaintiff by Defendants.

55. Plaintiff is entitled to damages equal to the minimum wages and overtime compensation due and owing to her within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and

knew or showed reckless disregard of whether their conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendants.

56. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

### SECOND CAUSES OF ACTION – WWPCL VIOLATIONS
### (MINIMUM WAGES AND OVERTIME PAY)

57. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

58. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

59. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

60. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

61. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including but not limited to at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek and compensation for any and all hours worked from approximately May 1, 2019 to May 31, 2019.

62. Defendants willfully and intentionally violated the WWPCL by failing to compensate Plaintiff with an hourly rate of at least $7.25 per hour for all hours worked during the workweeks from approximately May 1, 2019 to May 31, 2019 during her employment with Defendants.

63. Defendants willfully and intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek during her employment with Defendants.

64. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

65. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

### THIRD CAUSE OF ACTION – WWPCL VIOLATIONS
### (FAILURE TO PAY AN AGREED-UPON WAGE)

66. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

67. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

68. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

69. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

70. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities at her previously agreed-upon hourly rate of pay with Defendants.

71. During Plaintiff's employment with Defendants, Defendants willfully and intentionally failed to compensate Plaintiff for all hours worked and work performed, including but not limited to with agreed-upon wages as defined in Wis. Stat. § 109.01(3), by failing to compensate her with her agreed-upon regular or hourly rate of pay of $18.00 for any and all hours worked during the workweeks from approximately May 1, 2019 to May 31, 2019 during her employment with Defendants, in violation of the WWPCL.

72. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

73. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing reimbursement for unpaid wages – including but not limited to minimum wages, overtime wages, and agreed-upon wages – for pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid by Defendants under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendants;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 9th day of January, 2020

                                            WALCHESKE & LUZI, LLC
                                            Counsel for Plaintiff

                                            **s/ *Scott S. Luzi*** _____
                                            James A. Walcheske, State Bar No. 1065635
                                            Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com