# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRITTNEY ELLIS,

                Plaintiff,

v.

PRON-TOW TOWING and JEFFREY ZINGG,

                Defendants.

Case No. 20-CV-37-JPS

**ORDER**

On January 1, 2020, Plaintiff filed a complaint in the above-captioned matter. (Docket #1). Plaintiff submitted affidavits of service on January 24, 2020, which indicated that Plaintiff served Defendant Jeffrey Zingg, both in his personal capacity and as Pron-Tow Towing's registered agent, on January 19. (Docket #5 and #6). On February 14, 2020, Plaintiff requested entry of default because Defendants had not filed an answer or other responsive pleading. (Docket #7). The Clerk entered default that same day. On March 6, 2020, Defendants filed a motion to set aside default. (Docket #10).

The Court has discretion to set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). In order to set aside a default, Defendants must show "(1) good cause for [the] default (2) quick action to correct it and (3) a meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994). So long as they "did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence," good cause exists. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (citing *Passarella v. Hilton*

*Int'l Co.*, 810 F.3d 674, 677 (7th Cir. 1987)). Additionally, "[t]his Circuit has a well established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (citation omitted).

In his affidavit, Defendant Zingg avers that he believed that Pron-Tow Towing's insurance policy would provide coverage for Plaintiff's claims. (Docket #10–1 at 2). He states that from January 24 through February 28, 2020, he had contacted his insurance carrier regarding this matter. (*Id.*) Although an insurance claim had been filed, Zingg alleges that his agent informed him that he did not have coverage. (*Id.*) On March 3, 2020, Zingg's attorneys confirmed that his response was overdue and that he was in default. (*Id.*) Zingg claims that if he knew he did not have coverage earlier, he would not have defaulted. (*Id.*)

The Court finds that Defendants failed to timely answer by way of Zingg's mistake and inadvertence, and that he did not willfully ignore Plaintiff's complaint. *See Richards v. O'Daniel*, 3:11-cv-63-RLY-WGH, 2020 WL 695820, at *3 (S.D. Ind. Mar. 1, 2012) (finding that defendant had established good cause for default based on his assumption that his insurance company was handling the complaint against him). The Court also finds that Zingg quickly tried to correct Defendants' default by filing the motion to vacate shortly after learning about the default. Finally, Defendants' defense, at this juncture, seems to have merit. Therefore, the Court will grant Defendants' motion to set aside entry of default. (Docket #10).

Accordingly,

**IT IS ORDERED** that Defendants Jeffrey Zingg and Pron-Tow Towing's motion to set aside entry of default (Docket #10) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to set aside its entry of default against Defendants Jeffrey Zingg and Pron-Tow Towing, as entered on February 14, 2020.

Dated at Milwaukee, Wisconsin, this 10th day of December, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 3 of 3
Case 2:20-cv-00037-JPS   Filed 12/10/20   Page 3 of 3   Document 11